UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ISABEL OTERO | : |
| | : |
| -vs- | : Civil No. 3:98CV1935 (PCD) |
| | : |
| HOUSING AUTHORITY OF THE CITY | : |
| OF BRIDGEPORT, *et al.* | : |

RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND BILL OF COSTS

Plaintiff moves for attorneys' fees and submits her bill of costs for approval. For the reasons set forth herein, the motion for attorneys' fees is **granted in part** and the bill of costs is **approved.**

I. BACKGROUND

On September 1, 1998, Plaintiff filed her seven-count complaint in Connecticut Superior Court for the Judicial District of Fairfield. The counts included wrongful discharge, two alleged violations of her due process and equal protection rights, libel, slander, intentional infliction of emotional distress and negligent infliction of emotional distress. The original defendants were Bridgeport Housing Authority ("BHA"), Clarence Craig, Jr., Joseph Papa, Jose Colon, Roy Boyd, Anita Wells and Earl Mellow. The case was removed to this Court on September 30, 1998. On September 28, 1999, the counts alleging wrongful discharge, one equal protection violation, intentional infliction of emotional distress and negligent infliction of emotional distress were dismissed. On June 26, 2000, summary judgment was granted on the libel and slander claims.

1

On December 20, 2000, plaintiff was awarded $145,000 by jury verdict. The award was based on a single violation of § 1983 based on process due plaintiff prior to her termination by BHA and Craig. On April 23, 2002, the jury's verdict was set aside and judgment in favor of BHA and Craig was granted as a matter of law. Plaintiff appealed the decision. By decision dated August 19, 2001, the Court of Appeals reversed the April 23, 2002 decision, reinstated the jury verdict and remanded the case. *See Otero v. Bridgeport Hous. Auth.*, 297 F.3d 142 (2d Cir. 2002).

II. MOTION FOR ATTORNEYS' FEES

Plaintiff succeeded on her claimed violation of 42 U.S.C. § 1983, and thus is a prevailing party[1] for purposes of 42 U.S.C. § 1988(b).[2] Her original motion (Doc. No. 138) is now considered in light of the appellate remand, as well as the supplemental motion for attorneys' fees filed as a consequence of the appellate proceedings (Doc. No. 170). Court of Appeals

An award of attorneys' fees pursuant to § 1988 is determined using the lodestar figures. *See Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998). Such figure is derived by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). Excessive, redundant, or unnecessary hours should then be excluded from the lodestar calculation. *See id.* at 434. Finally, an upward or downward adjustment may be appropriate following consideration of the factors set forth in

---

[1] A "prevailing parties" has succeeded "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992).

[2] Section 1988(b) provides "[i]n any action or proceeding to enforce a provision of section[] . . . 1983, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."

2

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).[3] *See Hensley*, 461 U.S. at 434 n.9.

Prior to reaching the question of hours, plaintiff must establish to the satisfaction of this Court that the hourly rate sought is reasonable. Fee applicants must "produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The award may be based in part on knowledge of hourly rates charged in a community and is not limited to the submitted evidence. *Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

Plaintiff argues that $225 per hour is a reasonable rate for services rendered by Attorneys John Bochanis and Thomas Weihing. In support of such argument, plaintiff provides the affidavits of individual counsel attesting to the reasonableness of the fees charged. Such does not meet the requirement of "satisfactory evidence," *see Blum*, 465 U.S. at 895-96 n.11, justifying the rate sought.[4] This Court therefore relies on its knowledge of rates for comparable services charged in this community

---

[3] The factors include (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal services properly; (4) preclusion of employment as a result of accepting the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[4] Plaintiff provided the affidavit of Francis Burke that attested to the fact that, as an employment lawyer, he charged $250 an hour. Burke's affidavit neither provides a range of hourly rates that would be expected in actions of this nature nor directly comments on the reasonableness of the rates charged by plaintiff's attorney. The affidavit thus adds nothing to the affidavits submitted by plaintiff's counsel. As the affidavit is provided in a reply brief in response to deficiencies identified by defendants, it is improper as a matter of form. Even if consideration of the affidavit were appropriate, it does not establish that the rate charged by plaintiff's counsel is reasonable.

and concludes that $175 per hour is reasonable in the present case. As to the actual hours expended, defendants argues that the hours claimed are duplicative, excessive or unnecessary, specifically alluding to hours billed by Attorney Weihing as second chair at trial, limited success on all claims in the complaint, hours spent in defense of counterclaims and vague time entries.

This Court is inclined to agree with defendant's argument as to the necessity of a second counsel at trial, certainly at a premium of thirty-four billable hours. Plaintiff responds that the additional attorney conducted direct examination at trial, participated in voir dire and participated in trial preparation. There is no dispute as to the nature of work performed by the additional counsel; the relevant question is why such additional participation was necessary under the circumstances. As plaintiff has not established entitlement to the additional hours, the hours will not be credited.

Defendants' claims as to a discount for limited success on the total number of claims in the complaint are without merit. The degree of success on a complaint is measured by "whether the failed claim was intertwined with the claims on which he [or she] succeeded." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 762 (2d Cir. 1998). If, as here, plaintiff won substantial relief and all claims involve a common core of facts or related legal theories, "making it difficult to divide the hours expended on a claim-by-claim basis, there should be a fee award for all time reasonably expended." *Id.* The original claims all revolve around an accusation of theft and termination resulting from such accusation. Defendants in no way argue that the individual counts involve discrete factual predicates, and no clear division between the successful and unsuccessful claims is apparent. As such, the hours will not be reduced based only on a percentage of success basis as proposed by defendants as such would be inconsistent with governing law in light of facts underlying all claims, including that claim on

which plaintiff succeeded.

The remaining arguments are no more than general objections arguing that the hours are not sufficiently descriptive to justify an award, or are excessive for the tasks performed. The descriptions are sufficiently detailed to prove an entitlement to hours claimed. Plaintiff is therefore found to have reasonably expended 249.1 hours during the course of trial and 60 hours in prosecuting the appeal[5] for a total of 309.1 hours.

Defendants further argue that certain expenses may not be considered as part of an award of attorneys' fees, specifically taking issue with a $2,939.30 payment to Case Research International, Inc., the service providing the expert witness used by plaintiff at trial, and $388.00 spent on photocopying. "[A]ttorney's fees awards include those reasonable out-of- pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg*, 143 F.3d at 763 (internal quotation marks omitted). Photocopying expenditures are properly considered a part of such an award, *see id.,* as are the majority of other expenses claimed.

The $2,939.30 payment is a separate matter. Plaintiff's reference to *Williams v. New York*, 728 F. Supp. 1067, 1071 (S.D.N.Y. 1990), as support for inclusion of expert fees is unavailing. Expert witness fees are not includable absent express statutory language to the contrary. *West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 102, 111 S. Ct. 1138, 1148, 113 L. Ed. 2d 68

---

[5] Defendants did not file an opposition to the supplemental motion for attorneys' fees, however time expended in defense of a position on an appeal is properly includable in an award of attorneys' fees provided such appeal is successful. *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999). In light of the decision summarily dismissing all appellate claims but one, and time records that indicate multiple reviews of the same documents, the ninety-five hours claimed are found to be excessive and are reduced accordingly to sixty hours.

(1991). Although the subsequent amendment to § 1988 providing for inclusion of expert fees in actions brought pursuant to §§ 1981 or 1981a softened the import of *Casey* somewhat, *see* 42 U.S.C.§ 1988(c), such amendment does not provide for fees in § 1983 actions as involved herein. As plaintiff provides no explicit statutory grant to the contrary, expert fees will not be awarded.

Plaintiff is therefore awarded attorneys' fees of $54,092.50 (309.1 hours multiplied by $175 per hour). This award shall include $612.05 in litigation fees, for a total award of $54,704.55.

## III. BILL OF COSTS

Plaintiff's original bill of costs (Doc. No. 139) was denied in light of the ruling granting the motion for judgment notwithstanding the verdict. Plaintiff has since filed an amended bill of costs (Doc. No. 170) in light of the successful appeal. Defendants did not file an amended objection, thus the original objection will be construed as applicable to the amended bill of costs, which differs only from the original bill in that it adds costs associated with the appeal.

Defendants raise two objections to the plaintiff's bill of costs. Defendant first argues that the $185 filing fee was paid in state court prior to removal of the case and thus is not compensable. Defendant further argues that fees for state sheriffs in the state action are similarly not compensable.

Costs may only be awarded for those items specifically enumerated in 28 U.S.C. § 1920 (1994) and Fed. R. Civ. P. 54. *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001). Fees of the clerk and marshal are includable. *See* 28 U.S.C. § 1920(1). By local rule, "[f]ees incurred in removing a case from state Court, including the fees for service of process in the state Court," are taxable. *See* D. Conn. L. Civ. R. 54(c)(6)(iii). As such, defendants' objections are without merit. As all items

6

included in the verified bill of costs are properly included, defendants are hereby taxed $5,907.63.

IV. SUPPLEMENTAL BRIEFING

In light of the appellate remand, defendants' motion for a new trial or for a modification of the judgment to reduce the jury's award of damages and plaintiff's motion for front pay and interest remain to be resolved. The parties may supplement the respective motions by March 28, 2003, oppositions may be filed by April 11, 2003 and replies shall be filed by April 18, 2003.

V. CONCLUSION

Plaintiff's motions for attorneys' fees (Doc. Nos. 138 and 171) are granted in part. Plaintiff is awarded $54,704.55 total in fees and costs. Plaintiff's bill of costs (Doc. No. 170) is granted. Defendant is hereby taxed costs of $5,907.63. Enforcement of the awards is stayed pending resolution of defendants' motion for a new trial or for a modification of the judgment and plaintiff's motion for front pay and interest.

SO ORDERED.

Dated at New Haven, Connecticut, March ___, 2000.

_____
Peter C. Dorsey
United States District Judge