FILED
DEC 16   2 24 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DANIEL TROMPETTA              :

VS.                           : 3:02CV00943(MRK)

JAMES KING, ET AL.            : DECEMBER 15, 2003

## MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEY'S FEES

The defendants in this case, James King and Joseph Fecarotta, moved on December 3, 2003 for an award of attorney's fees pursuant to 42 U.S.C. §1988 and Local Rule 9(f). For all of the reasons stated below, the motion should be denied.

"The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. §1988, was designed to allow private individuals meaningful opportunity to vindicate civil rights violations. As stated in the legislative record, '[i]f private citizens are to be able to assert their civil rights, and if those violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.' S. Rep. No. 1011, 94th Cong., 2d Sess. 2, 1976)...." Ortiz v. Regan, 1980 F. 2d 138, 140 (2nd Cir. 1992).

"An award of attorney's fees against a losing plaintiff in a civil rights action

is an extreme sanction, and must be limited to egregious cases of misconduct....A prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation...." Riddle v. Egensperger, 266 F.3d 542, 547 (6th Cir. 2001); Dubuc v. Green Oak Township, 312 F.3d 736, 754-55 (6th Cir. 2002); Tahfs v. Proctor, 316 F. 3d 584, 596 (6th Cir. 2003). The court must "resist the understandable temptation to engage in *post hac* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978).

The Second Circuit in Toliver v. County of Sullivan, 957 F.2d 47 (2nd Cir. 1992) (*per curiam*) that the ability of a defendant to pay for an award should it be considered and particularly so when the fee is being awarded against a relatively impecunious plaintiff. Here, the plaintiff is a police officer, and the court can take judicial notice of that fact in rejecting an application for fees.

In deciding whether such fee awards are proper, the district court should look first at its prior rulings in the case itself. In this instance, the defendant did not file a motion to dismiss for failure to state a claim, but elected to conduct pretrial discovery. If the case were indeed frivolous on its face or outrageous, no discovery would have been necessary. It is often the case in civil rights litigation that the relative strengths or weaknesses of a case are not apparent until such

time as discovery has been undertaken.

The plaintiff in this case is a police officer who was charged with a felony for acts he contended were part and parcel of his job as a law enforcement officer. He entered a plea to an infraction so as to avoid the risk of incarceration and a felony conviction. An infraction, as this court is aware, is not even a crime. His plea was under the Alford doctrine. This case was designed to test the proposition that an Alford to an infraction is, in fact, a favorable disposition sufficient to support a claim for false arrest and malicious prosecution. Clearly, this opposition of law is not currently supported by the case law. But, as our rules reflect in the Rule 11 context, a plaintiff need only have a good faith basis to extend existing law to bring an action and avoid a risk of having been found to have acted frivolously. Here, the plaintiff did not intend to act frivolously or to otherwise harass or annoy the defendants. Indeed, he sought only to vindicate his constitutional right to be free from false arrest and malicious prosecution. That he chose to avoid false charges by minimizing the risk of any criminal conviction at all and accepting the outcome of an infraction should not rebound to his detriment in this case. The plaintiff requests that this court deny the defendants' motion for attorney's fees.

THE PLAINTIFF

BY _____
Norman A. Pattis
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
203.562.9931
FAX: 203.776.9494
Federal Bar No. ct13120
His Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid, on December 15, 2003, to the following counsel of record:

Michael Rose, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

_____
Norman A. Pattis